IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>$28,000.00 IN U.S. CURRENCY,<br>**Defendant.** | CIVIL NO.: 20- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, W. Stephen Muldrow, United States Attorney for the District of Puerto Rico; Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief Civil Division, and Carmen M. Márquez-Marín, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(a)(6) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

DEFENDANT IN REM

2. The defendant currency seized by an officer of the United States Postal Inspection Service ("USPIS"), consists of $28,000.00 in U.S. currency.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States

1

pursuant to Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(j) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

4. This Court has in rem jurisdiction over the defendant currency pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant currency is found in this district).

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant currency is found in this district).

## BASIS FOR FORFEITURE

6. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Sections 841(a)(1) (Unlawful acts), 843(b) (Communication facility), 846 (Attempt and conspiracy), and 881(a)(6) for all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange. Additionally this civil action is brought to enforce the provisions of Title 18, United States Code, Section 1956(a)(1(B)(i) (Laundering of monetary instruments).

## FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the USPIS, U.S. Postal Inspector, Héctor J. Martinez attached hereto, and incorporated herein as if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 13th day of January, 2020.

W. STEPHEN MULDROW
United States Attorney

s/ *Héctor E. Ramírez-Carbó*
Héctor E. Ramírez-Carbo
Assistant U.S. Attorney
Chief Civil Division
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787) 766-5656
Hector.E.Ramirez@usdoj.gov

s/ *Carmen M. Márquez-Marín*
Carmen M. Márquez-Marín
Assistant United States Attorney
USDC # 211302
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
maritza.gonzalez@usdoj.gov

VERIFIED DECLARATION

I, Carmen M. Márquez-Marín, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the USPIS; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 13th day of January, 2020.

*s/Carmen M. Márquez-Marín*
Carmen M. Márquez-Marín
Assistant U.S. Attorney

VERIFIED DECLARATION

I, Héctor J. Martinez, U.S. Postal Inspector, USPIS declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 13 day of January, 2020.

Héctor J. Martinez, U.S. Postal Inspector
United States Postal Inspection Service (USPIS)

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**
**Title 28, United States Code, Section 1746**

I, Hector Martinez, U.S. Postal Inspector with the United States Postal Inspection Service (USPIS), hereby declare as follows:

**PROFESSIONAL BACKGROUND**

I am a Postal Inspector with the United States Postal Inspection Service (USPIS), currently assigned to the San Juan Field Office, and have so been employed since June 2017. I have received formal classroom training from the United States Postal Inspection Service during the 12-week Postal Inspector Basic Training Academy at the Career Development Unit in Potomac, Maryland. I also have had additional training and experience with other U.S. Postal Inspectors and federal and local law enforcement agents in connection with the investigation of the use of the U.S. Mail or in connection with the U.S. Postal Service ("USPS"), property of the USPS, and other postal offenses, as set forth in Title 18, United States Code, Section 3061. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations and to make arrests for crimes furthered through the use of the U.S. Mail or in connection with the U.S. Postal Service.

I am currently assigned to the San Juan Prohibited Mail Team and am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted numerous firearms and narcotics investigations involving the transportation of firearms and controlled substances; as well as those involving proceeds derived from the distribution of firearms and controlled substances via the mail, in violation of Title 18 United States Code, Sections 922 (a)(1)(a) & (a)(3), and 1715, and 21 United States Code, Sections

19-USP-001850

841 (a)(1), 843(b), and 846. As a Postal Inspector, I have also worked on several investigations involving the use of the U.S. Mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of Title 18, United States Code, Sections 981, 982, 1956, and 1957, and Title 31, United States Code, Section 5325. Additionally, I have also participated in several interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds thereof, both in San Juan and elsewhere in the continental United States. While conducting investigations relative to the mailing of firearms, narcotics, and currency, I have had the opportunity to become familiar with known trafficking sources and destination areas, various smuggling methods and techniques used by traffickers, as well as the manner in which traffickers package illicit firearms, narcotics, and related proceeds.

This Unsworn Declaration is submitted in support of a verified complaint of forfeiture, which involves the offenses detailed in Section 881(a)(6) of Title 21, United States Code, particularly all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemicals, in violation of the subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 21.

Because this declaration is submitted for a limited purpose, the undersigned has not included details of every aspect of this investigation. The facts and information contained in this unsworn declaration are based on my personal knowledge as well as observations of other Postal Inspectors involved in this investigation. All observations that were not personally made by me were relayed to

19-USP-001850

me by other law enforcement officers as a result of my personal participation in the investigation of Pedro Mangual, Isair Sierra, and others; through information obtained from other law enforcement agencies, witnesses and reliable sources, I am familiar with the facts and circumstances of the offenses described in the "Facts" section of this unsworn declaration.

Unless otherwise noted, whenever in this unsworn declaration I assert that a statement was made, the information was provided by another law enforcement officer, to whom I have spoken or whose report I have read and reviewed.

Likewise, information resulting from the parcel interdiction and investigation, except where otherwise indicated, does not set forth my observations, but rather has been provided, directly or indirectly, through other law enforcement officers that conducted the interdiction.

### PROPERTY TO BE FORFEITED
$28,000.00 IN U.S. CURRENCY

### INVESTIGATIVE BASIS

Based on my training and experience I have learned that:

1. The U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from, or involved in, the distribution of controlled substances, either as payment or proceeds;

2. The drug traffickers know that both Priority Mail Express, and Priority Mail, are considered First Class Mail and are therefore protected against inspection without a Federal Search Warrant;

3. That drug traffickers discern that by using Priority Mail Express and Priority Mail with

19-USP-001850

    Delivery Confirmation, they can track the parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days. Moreover, traffickers also know that any delay in a Priority Mail Express parcel delivery could represent that such parcel has been intercepted by law enforcement;

4. That law enforcement agencies have established, based upon years of experience in narcotics investigations, that the state of Philadelphia frequently receives controlled substances sent via the U.S. Mail from Puerto Rico. Furthermore, Puerto Rico is a known destination for the returning proceeds or payments of such narcotics from Philadelphia.

5. That, in addition to the aforementioned, it is customary for narcotics traffickers to hand write the labels attached to the mail piece instead of using a pre-printed label. Pre-printed labels are customary with most legitimate businesses utilizing the Priority Mail Express service;

6. That individuals who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and U.S. currency they handle, and that packaging materials are often stored in close proximity to the controlled substances, transferring the odor to the packaging materials;

7. That narcotic canines, also known as K-9, are trained to alert to the smell of various chemicals present in illegal narcotic drugs, such as methyl benzoate, a chemical present in cocaine;

8. That USPIS Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike

19-USP-001850

    legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments;

9. Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

**FACTS**

10. On September 5, 2018, at the USPS General Post Office located in San Juan, Puerto Rico, Express Mail parcel EJ112172178US addressed to "Isair Sierra, Calle Marquesa O-1 Rivieras de Cupey Bajos San Juan PR, 00926" with a return address of "Pedro Mangual, 5428 Sylvester St, Philadelphia PA 19124", was identified by Postal Inspectors as meeting the initial suspicious characteristics of a narcotics mailing.

11. The subject parcel was a square white USPS Priority Mail Express box, had a hand written label, weighed approximately five (5) pounds and two (2) ounces, and measured approximately 12" x 14" x 3". The parcel had affixed to it U.S. Postage Meter strip number R2305H130159, with a postage amount of $71.95, the parcel was mailed from Philadelphia, PA, Dated September 3, 2019. A Priority Mail Express handwritten label was attached to the parcel.

12. On September 5, 2019, at the U.S. Postal Inspection Service facility, located in Guaynabo, Puerto Rico, the parcel was placed for exterior examination by a narcotics detection canine from the U.S. Customs and Border Protection. According to the officer who handled the canine, "Baku" exhibited a change of behavior consistent with the presence of various odors

5

19-USP-001850

of controlled substances.

13. On September 10, 2019, Federal Search Warrant 19-1785 (M), dated September 10, 2019, was executed on Express Mail parcel EJ112172178US. The parcel was opened and found inside were white foam, a coloring book and one (1) "Sorry" game board. Inside the "Sorry" game board were four (4) bundles wrapped in vacuum sealed bags. Inside the vacuum sealed bags was U.S. Currency in $20, $50 and $100 denominations totaling $28,000.00. There were no notes or instructions in the parcel.

14. On September 30, 2019, Probable Cause Verification was approved by the U.S. Postal Inspection Service Headquarters for the seizure of $28,000.00 in U.S. currency. Notices were sent to all interested parties on October 17, 2019. On October 28, 2019, Internet advertisement information was posted in the forfeiture.gov website for 30 consecutive days.

15. According to the U.S. Postal Service serving the return address the sender of the subject parcel EJ112172178US, Pedro Mangual is a mail recipient at the address.

16. On October 21, 2019, a valid Claim from Pedro Mangual, 5428 Sylvester St, Philadelphia PA 19124, was received at the U.S Postal Inspection Service, Asset Forfeiture Unit for the property of $28,000.00 in U.S. currency.

17. On his claim, Pedro Mangual stated "*This is our hard earned moneis from our business, which we have saved and did not deposit it, to be able to send it to Puerto Rico to have a house built there.*" No additional information was included, such as proof of employment.

18. On October 31, 2019 a letter from the Inspection Service requesting additional information

19-USP-001850

and evidence of the legitimacy of the seized money was sent to Pedro Mangual, 5428 Sylvester St, Philadelphia PA 19124-1109. The letter requested the following information no later than ten days after receipt of the letter. The letter was delivered by the US Postal Service on November 4, 2019.

1. Provide evidence of the origination of the cash.

2. Your tax filling documents for the last year.

3. Corporate or businesses registrations.

4. Tax filling documents of your businesses for the past year.

5. Provide name, address and current telephone number from the intended recipient of the seized property.

6. Provide a statement from the intended recipient of the seized property.

7. Describe your relationship with the intended recipient.

8. In the claim you mentioned the cash was sent to Puerto Rico for the construction of a house. Provide the location where this construction will be done.

19. As of November 20, 2019, the Postal Inspection Service has not received an answer from Mangual.

20. No suspicious activity was found or has been reported by any bank institution related to Pedro Mangual.

21. On December 4, 2019, thirty days later after the receipt of the letter, a response was received from Pedro Mangual via FAX containing numerous documents as his replied to the letter

19-USP-001850

dated October 31, 2019, from the Inspection Service.

Following is the requested information and Pedro Mangual's reply:

1. Provide evidence of the origination of the cash.

    No evidence of the origination of the seized cash was received from Mangual.

2. Your tax filling documents for the last year.

    Pedro Mangual submitted his Form 1040, US Individual Income 2017 Tax Return; and the 2018 Schedule C from Form 1040, Profit or Loss From Business document. In 2017, Mangual filed as single with a business income for the amount of $24,205. In 2018, Mangual claimed a gross business profit for the amount of $22,488. A 2018 Schedule C Form 1040 from a Yacqueline Suarez Laguna was also received. Suarez Laguna apparently owns a business named Suala Cleaning Services LLC with a net profit of $15,329.

3. Corporate or business registrations.

    Pedro Mangual provided documents of a business registration with the city of Philadelphia with the name of Pedro & Yadiel LLC, 4620 Palmetto St, Philadelphia, PA 19124, License Number 797572.

4. Tax filling documents of your business for the past year.

    Same as item 2.

5. Provide name, address and current telephone number from the intended recipient of the seized property.

19-USP-001850

    Pedro Mangual provided no information about the intended recipient of the seized parcel.

6. Provide a statement of the intended recipient of the seized property.

    Pedro Manual provided no information about the intended recipient of the seized parcel.

7. Describe your relationship of the intended recipient.

    No information provided.

8. In the claim you mentioned the cash was sent to Puerto Rico for the construction of a house. Provide the location where this construction will be done.

    Pedro Mangual submitted a notary note in which a portion of a property located in Guaynabo was surrendered by Tomas Garcia Carrillo to Inocencia O'Neill Olivera and her husband Juan Mangual Rivera. By the last names of the individuals of this note, it could be determined that these are the parents of Pedro Mangual O'Neill a.k.a. Pedro Mangual, the claimant. This documents in no aspect neither representing the ownership of a property by Pedro Mangual, nor there is any mention of Pedro Mangual within said document.

In addition to the requested documents, Mangual provided 544 purchase orders from Auto Plus Auto Parts to P & Auto Repair, ranging from January 2019 to September 2019 for the purchase of automotive items. These numerous documents do not necessarily provide evidence or proof of the legitimacy of the seized money, and have no relevancy to the CLAIM.

19-USP-001850

Below is an analysis of the purchase orders provided by the claimant and the amount allegedly spent in automotive parts for his business.

| Month | Amounts |
|---|---|
| January | $ 9,648.91 |
| February | $ 8,148.13 |
| March | $ 6,556.97 |
| April | $ 2,860.71 |
| May | $ 1,302.73 |
| June | $ 1,417.70 |
| July | $ 1,716.48 |
| August | $ 1,259.83 |
| September | $ 2,551.87 |
| Total | $ 35,463.33 |

Based on (1) suspicious manner in which the defendant money was transferred, not wired, not sent by check, but rather sent in cash, uninsured, overnight by Priority Mail Express shipment which was paid for in cash; (2) of the amount of cash involved, $28,000.00; (3) the method of concealment found inside the parcel; (4) a trained narcotics canine alerted positive on the package; (5) the claimant, Pedro Mangual, appears with an extensive criminal history and convictions for possession and use of narcotics, possession of illegal firearms, and others; (6) documents nor evidence of the legitimacy of the seized money have been submitted from the claimant; (7) and that the intended recipient of the parcel has not been located by the Inspection Service; the undersigned believes that the $28,000.00 in U.S. currency seized from Pedro Mangual constitutes proceeds derived from the illegal sale of narcotics in violation of Title 21, United States Code, §§ 841 (a)(1), 843(b), and 846.

I declare under penalty of perjury that the above is true and correct to the best of my

19-USP-001850

knowledge and belief, pursuant to Title 28, United States Code, Section 1746.

In San Juan, Puerto Rico, this _13_ day of _January_____, 2020.

_____
Hector J. Martinez, US Postal Inspector
United States Postal Inspection Service ("USPIS")
San Juan, Puerto Rico

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
$28,000.00 IN U.S. CURRENCY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Carmen M. Márquez-Marín, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 875 Customer Challenge 12 USC 3410 |
| | | | | | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| | | | | | ☐ 892 Economic Stabilization Act |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 881(a)(6) and Title 18, United States Code, Section 1956(a)(1)(B)(i).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 01-13-2020
SIGNATURE OF ATTORNEY OF RECORD: s/ Carmen M. Márquez-Marín

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v. $28,000.00 IN U.S. CURRENCY

2. Category in which case belongs. (See Local Rules)

   [X] ORDINARY CIVIL CASE — CIVIL FORFEITURE
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   [ ] YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   [ ] YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   [ ] YES   [X] NO

(Please Print)

USDC ATTORNEY'S ID NO.: 211302

ATTORNEY'S NAME: *Carmen M. Márquez-Marín*

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE
HATO REY   PR     ZIP CODE 00918

TELEPHONE NO.: 787-766-5656